UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY GUTIERREZ,

    Petitioner,

 v.              Case No. 21-cv-657-pp

LIZZIE TEGELS,[1]

    Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 6) AND REQUIRING PETITIONER TO FILE AMENDED *HABEAS* PETITION**

On May 26, 2021, the petitioner, who is incarcerated at Jackson Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. Two weeks later, he filed a motion for leave to proceed without prepaying the $5.00 filing fee. Dkt. No. 6. The court will deny the petitioner's motion for leave to proceed without prepaying the filing fee and will order him to file an amended petition using the court's form if he wants to proceed with this case.

**I. Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 6)**

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner asked the court to allow him to proceed without prepaying that

---

[1] Under Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner is incarcerated at Jackson Correctional Institution. https://appsdoc.wi.gov/lop/home.do. This order lists Warden Lizzie Tegels as the respondent.

1

fee. Dkt. No. 6. Section 1915(a)(1) of Title 28 allows a court to authorize the commencement of a lawsuit without prepayment of the filing fee if the person "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The petitioner's request indicates that he has no assets; it says he owns no car or home, has no cash, checking, savings or other similar accounts and owns no other property of value. Dkt. No. 6 at 2-3. The request states that the petitioner owes "thousands of dollars in child support because of being incarcerated." Id. at 4. His trust account statement shows that as of May 18, 2021, the petitioner had an end balance of $21.07 in his regular account and $322.87 in his release account. Dkt. No. 2 at 1.

The court will deny the petitioner's motion and give him a deadline by which to pay the $5.00 filing fee. If the petitioner does not pay the $5.00 filing fee or ask for more time to do so by the deadline the court sets, the court will dismiss the case.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing Section 2254 Cases provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage,

the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may be unable to consider the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

  B. <u>Analysis</u>

The petition appears to assert violations of the petitioner's rights under the Fourth Amendment. Dkt. No. 1 at 2-5. Civil Local Rule 9(a) of the Eastern District of Wisconsin provides that "[a]ll persons applying or petitioning for release from custody under . . . 28 U.S.C. § 2254 . . . must file their . . .

3

petition . . . with the Clerk of Court using forms available from the court." There is a reason for this rule. The court's form guides a petitioner through providing the information that the court needs to evaluate a request for *habeas* relief and to determine whether the petitioner qualifies for that relief. The petitioner did not follow this rule. He did not prepare his petition using the court's form.

A district court may entertain a petition under §2254 only if it is filed by a person in custody under a judgment of a state court. 28 U.S.C. §2254. Because the petitioner did not use the court's form, the court cannot tell whether the petitioner is in custody under a judgment of a state court. The petitioner asks the court to vacate his conviction (Dkt. No. 1 at 6), but the court does not know the court of conviction, whether the petitioner has been sentenced, whether he sought post-conviction relief or whether he appealed. If he appealed, the court does not know what issues he raised on appeal. The court does not have the information it needs to decide whether the petitioner is entitled to proceed.

If the petitioner wishes to continue with his *habeas* case, he must file an amended petition using the Eastern District of Wisconsin form. The court is including with this order a blank copy of the form and the instructions for completing it. The petitioner must write the word "Amended" on the first page of the form in front of the words "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody." He must put the case number—21-cv-657—in the space next to the words "Docket No." on the first

4

page. He must identify the location where he is confined, and he must list as the "Respondent" the warden or superintendent or other official who has custody of hm. He must fill out *all* the sections of the form petition. If the court receives the amended petition by the deadline the court sets below, it will screen it and decide whether the petitioner may proceed. If the court does *not* receive the amended petition by the deadline the court sets below, the court will dismiss this case on the next business day without further notice or hearing.

The court is including with this order a copy of the court's guide to *habeas* cases, "Habeas Corpus: Answers to State Petitioners' Common Questions," which may help the petitioner as he proceeds with his case.

### III. Conclusion

The court **DENIES** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

The court **ORDERS** that by the end of the day on **June 24, 2022**, the petitioner must either pay the $5.00 filing fee or ask for an extension of time to do so. The court **ORDERS** that the petitioner must pay the fee, or file the motion for an extension of time to do so, in time for the court to *receive* it by the end of the day on June 24, 2022. If the court does not receive either the filing fee or a motion by the end of the day on June 24, 2022, the court will dismiss this case for failure to pay the filing fee. If the court receives the filing fee, it will order the respondent to answer or otherwise respond.

The court **ORDERS** that if the petitioner wishes to proceed with this case, he must file an amended petition on the form the court is providing with this order. The petitioner must file the amended petition in time for the court to *receive* it by the end of the day on **June 24, 2022**. If the court does not receive the amended petition by the end of the day on Friday, June 24, 2022, the court will dismiss the petition on the next business day without further notice or hearing.

The court advises the petitioner that *it is his responsibility* to promptly notify the court if he is released from custody or transferred to a different institution. The petitioner's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Lizzie Tegels is the correct respondent.

Dated in Milwaukee, Wisconsin this 24th day of May, 2022.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**