UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY GUTIERREZ,

        Petitioner,

v.                                             Case No. 21-cv-657-pp

LIZZIE TEGELS,

        Respondent.

---

**ORDER REOPENING CASE, DENYING AS MOOT PETITIONER'S MOTION FOR EXTENSION OF TIME (DKT. NO. 13), SCREENING AMENDED PETITION (DKT NO. 12) AND REQUIRING RESPONDENT TO FILE AN ANSWER OR RESPONSIVE PLEADING**

---

On May 26, 2021, the petitioner, who currently is incarcerated at Chippewa Valley Correctional Treatment Facility and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. The petitioner also filed a copy of his prisoner trust fund account statement. Dkt No. 2. Two weeks later, the court received from the petitioner a motion for leave to proceed without prepaying the $5.00 filing fee. Dkt. No. 6. On May 24, 2022, the court denied that motion because at the time he filed his trust account statement, the petitioner had more than enough money in his regular and trust accounts to pay the $5.00. Dkt. No. 7 at 2. The court gave the petitioner a deadline of the end of the day on June 24, 2022 to pay the filing fee and file an amended petition or request an extension. Id. at 5-6.

1

On June 21, 2022, the petitioner filed a motion for an extension of time to pay the filing fee and file an amended petition. Dkt. No. 8. The next day, the court granted the petitioner's motion, extending the deadline to pay the filing fee and file an amended petition to the end of the day on July 22, 2022. Dkt. No. 9. The court warned the petitioner that if he did not pay the filing fee and file an amended petition by this deadline, the court would dismiss the petition without further notice or hearing. Id. The court also explained to the petitioner that it would not grant any further extensions of time without a showing of good cause. Id.

July 22, 2022 came and went and the court did not receive a filing fee or an amended petition. On July 25, 2022, the court dismissed the case without prejudice due to the petitioner's failure to pay the filing fee and file an amended petition by the deadline set by the court. Dkt. No. 10. The court entered a judgment dismissing the case without prejudice for the same reasons. Dkt. No. 11.

**I.     Motion for Extension of Time (Dkt. No. 13)**

Three days after the court dismissed his case, the court received from the petitioner an amended petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 12. The following day—on July 29, 2022—the court received a letter from the petitioner requesting an extension of time to pay his filing fee. Dkt. No. 13. The petitioner explained that he had tried to comply with the court's July 22, 2022 deadline but did not realize that he needed to make two separate disbursement requests at Jackson Correctional Institution, one for

2

postage and another for the filing fee; the petitioner instead had filed one request combining both disbursements and it was rejected. Id. The petitioner's request is not dated, but he attached the rejected disbursement request noting this requirement; the disbursement request is dated July 25, 2022. Id. at 2. On August 11, 2022, the court received an additional letter from the petitioner explaining that he received notification of dismissal of the case on July 28, 2022. Dkt. No. 14. The petitioner says that he mailed (the court assumes he means put in the prison mail system) his fee with the amended petition on July 19, 2022 but that the paperwork was "delayed and then forwarded" on July 25, 2022. Id. The petitioner asks that the court accept the untimely filed amended petition and filing fee because he mailed both items before the July 22, 2022 deadline. Id.

The petitioner appears to have signed and dated the amended petition on July 17, 2022. Dkt. No. 12 at 12. The envelope in which it arrived, however, is post-marked July 26, 2022. Dkt. No. 12-1 at 4. That said, the court will take the petitioner at his word that he put the amended petition in the institution mail system sometime before the July 22, 2022 deadline the court had set. The court finds that the petitioner has shown good cause for the late filing of the amended petition. While the petitioner is responsible for ensuring that the court receives his mailings on time (which includes taking into account delays in the institution mail system), the court finds that the petitioner made a good faith effort to comply with the court's prior order by putting his materials in the institution mail system before the court's deadline.

3

On September 20, 2022, the court received the $5.00 filing fee. The court also received a letter from the petitioner stating that he had tried to expedite the process for sending his filing fee but had "failed miserably." Dkt. No. 15 at 1. Attached to the letter are request slips showing the petitioner's attempts to pay the filing fee from July 29, 2022 through the beginning of September 2022. Id. at 2-8. The court finds that the petitioner has shown good cause for the untimely payment of his filing fee as indicated by his multiple attempts to make the payment. The court will deny as moot the petitioner's motion for extension of time.

Having received the amended petition and the filing fee, the court will re-open the petitioner's case and screen the petition.

**II.     Rule 4 Screening**

A.     Background

The amended petition refers to Racine County criminal case "21-cv-657." Dkt. No. 12 at 2. That case number, however, refers to the case number assigned to this *habeas* petition, not the petitioner's state criminal case. Under the section asking for the case number related to his state-post conviction relief, the petitioner refers to Racine County Circuit Court criminal case "13-CF-579." Id. at 4. The court has reviewed the publicly available docket for that case and has determined that the details of the conviction and sentencing align with the details provided in the petition.

The docket reflects that on May 1, 2013, the State of Wisconsin filed a criminal complaint against the petitioner. State v. Gutierrez, Racine County

4

Case No. 2013CF000579. On August 11, 2014, the petitioner pled no contest to felony possession with intent to sell marijuana, felony manufacturing/delivering designer drugs and second-degree reckless endangerment. Id. The state court sentenced the petitioner to eleven years of initial confinement followed by eleven years of extended supervision.[1] Id. The court entered judgment December 12, 2014. Id. On December 16, 2014 the petitioner filed his notice of intent to pursue post-conviction relief. Id. On June 6, 2016, the circuit court denied the defendant's post-conviction motion. Id. On December 26, 2019, the Wisconsin Court of Appeals affirmed the judgment of the circuit court and on May 19, 2020, the Wisconsin Supreme Court denied the petition for review. Id.

B.     Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the

---

[1] The docket indicates that on August 5, 2015, the state court corrected the sentence to a length of eleven years of initial confinement followed by ten years of extended supervision.

5

petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state incarcerated person must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the petitioner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

C.  Analysis

The petition presents four grounds for relief: (1) the petitioner's fourth amendment rights were violated based on a warrantless search; (2) the state court lacked probable cause to grant the search warrant; (3) the state court relied on inaccurate information at sentencing; and (4) excessive sentencing.

Ground one argues that the police unreasonably searched the petitioner's duffel bag without a warrant in violation of his Fourth Amendment rights. Although a federal *habeas* court is barred from reviewing Fourth Amendment claims that were fully and fairly litigated in the state courts, Ben-Yisrayl v. Buss, 540 F.3d 542, 552 (7th Cir. 2008), the court cannot tell, at this early stage, whether the petitioner had such a full and fair opportunity to litigate the Fourth Amendment claim.

Ground two argues that "the affidavit in support of the search warrant included misleading facts, which if not included, would not have established probable cause to issue a search warrant." Dkt. No. 12 at 7. Like ground one, this raises a Fourth Amendment claim. See Guzman v. City of Chi., 565 F.3d 393, 396 (7th Cir. 2009) ("The Fourth Amendment requires that a warrant be supported by probable cause"). And like ground one, the court cannot tell at this stage whether the petitioner had a full and fair opportunity to litigate this Fourth Amendment claim.

Ground three argues that the sentencing court relied on inaccurate information at sentencing, which the petitioner asserts entitles him to resentencing. Id. at 8. Although the petitioner has not cited a specific

7

constitutional right, the claim is cognizable on *habeas* review as a due process claim. See *e.g.*, Simson v. Hepp, 549 F.3d 1101, 1107 (7th Cir. 2008) ("Due process demands that a court sentence a defendant upon accurate information."); Lechner v. Frank, 341 F.3d 635, 639 (7th Cir. 2003) ("A defendant who requests re-sentencing due to the use of inaccurate information at the original sentencing must show both that the information before the sentencing court was inaccurate and that the sentencing court relied on the inaccurate information in the sentencing").

While ground four does not cite a specific constitutional violation, the Eighth Amendment "'prohibits imposition of a sentence that is grossly disproportionate to the severity of a crime.'" Ewing v. California, 538 U.S. 11, 22 (2003) (quoting Solem v. Helm, 463 U.S. 277, 281 (1983)). The court interprets this as a claim under the Eighth Amendment that is cognizable on federal *habeas* review.

The petition appears timely. Without the benefit of examining the entire record of the petitioner's post-conviction motions in the Wisconsin state courts, it is premature for the court to make a definitive determination on whether the petitioner has properly exhausted his grounds for *habeas* relief. Any failure to exhaust would result in procedural default—an affirmative defense more appropriately raised and argued by the respondent. See Perruquet v. Briley, 390 F.3d 505, 515 (7th Cir. 2004).

The court will allow the petitioner to proceed on the claims in the amended petition.

8

Case 2:21-cv-00657-PP   Filed 09/30/22   Page 8 of 10   Document 16

### III. Conclusion

The court **ORDERS** that the Clerk of Court must **REOPEN** the case.

The court **DENIES AS MOOT** the petitioner's motion for extension of time. Dkt. No. 13.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files [his/her] initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files [his/her] opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 30th day of September, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**